UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILFRED LEE CARR, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 21-11307<br>Honorable Paul D. Borman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS
FOR SUMMARY JUDGMENT [ECF NOS. 13, 17]**

Plaintiff Wilfred Lee Carr, Jr. appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied his applications for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- the Commissioner's motion, ECF No. 17, be **GRANTED**;

- Carr's motion, ECF No. 13, be **DENIED**; and

- the Commissioner's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

## I. Background

### A. Carr's Background and Disability Applications

Born in November 1966, Carr was 52 years old when he applied for SSI in March 2019 and for DIB in April 2019, with an alleged disability onset date of March 17, 2019. ECF No. 10, PageID.60, 66-67. He had past relevant work as a security guard. *Id.*, PageID.65. Carr claimed disability from high blood pressure and heart, back, and lung problems. *Id.*, PageID.143.

After a hearing, during which Carr and a vocational expert (VE) testified, the ALJ found Carr not disabled. *Id.*, PageID.58-67, 72-116. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. *Id.*, PageID.55-57. Carr timely filed for judicial review. ECF No. 1.

### B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c); 416.920(c).

3

the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Carr was not disabled. At the first step, she found that Carr had not engaged in substantial gainful activity since the alleged onset date of March 17, 2019. ECF No. 10, PageID.60. At the second step, she found that Carr had the severe impairment of congestive heart failure. *Id*. Next, the ALJ concluded that none of Carr's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id.*, PageID.61.

Between the third and fourth steps, the ALJ found that Carr had the RFC to perform light work, except that "he can frequently climb ramps and stairs, but never climb ladders, ropes or scaffolds. The claimant can frequently stoop, kneel, crouch, and crawl." *Id.*, PageID.61. At step four, the ALJ found that Carr could perform past relevant work as a security guard. *Id.*, PageID.65. At the final step, after considering Carr's age, education, work experience, RFC, and the testimony of the VE, the ALJ found that Carr could perform other jobs that are available in the national economy, including as a marker, collator operator, and router. *Id.*, PageID.66.

I.   Analysis

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Carr argues that the ALJ's RFC assessment failed to address all of his impairments and that the ALJ failed to properly evaluate the medical opinions. ECF No. 13, PageID.739. The Court disagrees.

**B.**

Carr asserts that the ALJ committed reversible error at step two by finding his low back impairment non-severe. *Id.*, PageID.753. A severe

5

impairment is "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." §§ 404.1520(c), 416.920(c).  Basic work activities are "abilities and aptitudes necessary to do most jobs."  §§ 404.1522(b), 416.922(b) (examples listed).  Courts construe "step two as a de minimis hurdle, intended to 'screen out totally groundless claims.'"  *Kestel v. Comm'r of Soc. Sec.*, 756 F. App'x 593, 597 (6th Cir. 2018) (quoting *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 576 (6th Cir. 2009)).

The claimant bears the burden of showing the severity of his medically determinable impairments.  *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).  If an ALJ finds any of a claimant's impairments severe, she must "consider the limitations and restrictions imposed by *all* of an individual's impairments, even those that are not severe."  *Kestel*, 756 F. App'x at 597 (emphasis in original) (internal citation and quotation marks omitted).  An ALJ's error in considering an impairment non-severe is harmless if that impairment is considered in the remaining steps within the decision.  *Id*.

Carr argues that the ALJ failed to discuss the "paravertebral tenderness of the lower lumbar area or the bilateral palpable muscle spasms and increased pain with forward flexion" described in a June 2018 treatment record.  ECF No. 13, PageID.754 (citing ECF No. 10, PageID.61,

6

451-452). But the ALJ did discuss the June 2018 record and accurately described it as showing that Carr had an "acute lower back pain after performing yard work, with a history of similar exacerbations of low back pain." *Id.*, PageID.60 (citing PageID.451-452). Carr told the examining doctor that his symptoms improved after he took Flexeril and Motrin. *Id.*, PageID.451.

The June 2018 report is the only medical evidence that Carr cites as evidence that he suffered a severe back impairment, and that record predated his alleged onset date of March 2019. ECF No. 13, PageID.754. And as the ALJ noted, "there is no indication of any significant treatment for back pain subsequent to his March 2019 alleged onset date." ECF No. 10, PageID.60. "Generally, when a social security disability claimant simply fails to present any contemporaneous medical evidence of disability from the relevant time period, the claimant cannot carry their burden of proving their disability for the relevant period." *Grisier v. Comm'r of Soc. Sec.*, 721 F. App'x 473, 478 (6th Cir. 2018) (alterations and internal quotations marks omitted).

Carr also cites his hearing testimony that he takes acetaminophen, tries not to stand for more than 15 minutes, and has back stiffness. ECF No. 10, PageID.92, 97. But under Social Security Ruling (SSR) 16-3p,

7

when determining whether a claimant is disabled, the ALJ must consider the claimant's "symptoms, including pain" along with "the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record." 2016 WL 1119029, at *1. An ALJ's subjective symptom evaluation should not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).[2] The ALJ found that Carr's statements about "the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." ECF No. 10, PageID.62. Carr cites no evidence to disturb that conclusion.

Carr asserts that even if his back impairment is non-severe, the ALJ erred by not considering it when assessing his RFC. But Carr neither identifies needed limitations greater than those provided for in the RFC, nor any evidence from the record to support such a need, which is his burden.

---

[2] SSR 16-3p eliminated use of the term "credibility" from official policy and clarifies that a "subjective symptom evaluation is not an examination of an individual's character." *Rhinebolt v. Comm'r of Soc. Sec.*, No. 2:17-CV-369, 2017 WL 5712564, at *8 (S.D. Ohio Nov. 28, 2017), *adopted*, 2018 WL 494523 (S.D. Ohio Jan. 22, 2018). Despite the linguistic clarification, courts continue to rely on pre-SSR 16-3p authority providing that the ALJ's credibility determinations are given great weight. *See, e.g.*, *Kilburn v. Comm'r of Soc. Sec.*, No. 1:17-CV-603, 2018 WL 4693951, at *7 (S.D. Ohio Sept. 29, 2018); *Duty v. Comm'r of Soc. Sec.*, No. 2:17-CV-445, 2018 WL 4442595, at *6 (S.D. Ohio Sept. 18, 2018).

See *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). The Court finds no error.

## C.

Carr argues that the ALJ erred by finding the state agency physician's opinion persuasive because the physician did not review a later medical statement from Carr's treating physician. ECF No. 13, PageID.759-760.

ALJs must assess the persuasiveness of all opinions from both treating and non-treating sources by considering several factors, the most important being the opinion's supportability and consistency with the record evidence. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Under the supportability factor, the more relevant "objective medical evidence and supporting explanations presented by a medical source to support his or her medical opinion," the more persuasive the medical opinion will be. §§ 404.1520c(c)(1), 416.920c(c)(1). An opinion that is more consistent with the evidence from other medical sources and nonmedical sources is also more persuasive. §§ 404.1520c(c)(2), 416.920c(c)(2).

Carr's treating physician, Abdul Haleem Ibrahim Kazmi, M.D., completed a physical RFC assessment in May 2019 and found that Carr's impairments were frequently severe enough to interfere with attention and concentration for work-related tasks; that Carr would need to lie down

during an eight-hour workday in excess of the typical breaks; and that Carr would be unable to walk short distances without pain, restricting him to sitting for no more than one hour and standing/walking for no more than one hour. ECF No. 10, PageID.376-379.

In July 2019, the state agency physician, Thomas Chiambretti, D.O., found that Carr could perform light work with frequent stair climbing and occasional stooping, kneeling, crouching, and crawling. *Id.*, PageID.142-156. Dr. Chiambretti believed that Dr. Kazmi had accurately assessed Carr's limitations in May 2019, but that Carr improved after a July ejection fraction, rendering Dr. Kazmi's opinion no longer accurate. *Id.*, PageID.150-151. Then, in September 2019, Dr. Kazmi signed a medical statement saying that, because of Carr's congestive heart failure, he could not return to his past job as a maintenance worker or "perform any strenuous activities" like climbing, pushing, pulling, and lifting. *Id.*, PageID.726.

Carr argues that the ALJ erred by adopting an RFC based on Dr. Chiambretti's July 2019 report without assessing Dr. Kazmi's September 2019 opinion. ECF No. 13, PageID.759. The Commissioner concedes that the ALJ did not "specifically discuss" the September 2019 medical statement. ECF No. 17, PageID.782-783. But the Commissioner argues

10

that the ALJ did not have to discuss each of Dr. Kazmi's opinions individually. *Id.,* PageID.783. The Court agrees.

The regulations require the ALJ to "articulate how [she] considered the medical opinions or prior administrative medical findings from that medical source together in a *single analysis*…. [She is] not required to articulate how [she] considered each medical opinion or prior administrative medical finding from one medical source individually." §§ 404.1520c(b)(1), 416.920c(b)(1) (emphasis added). Thus, the ALJ did not err by providing a single analysis of the medical opinions of Dr. Kazmi. ECF No. 10, PageID.64.

When finding Dr. Chiambretti's opinion persuasive, the ALJ concluded the opinion was supported by the record, including the July 2019 cardiology report showing an improvement in symptoms. *Id.* (citing PageID.566). The ALJ also observed that Dr. Chiambretti's opinion was "consistent with the later developed medical records [from late 2019] revealing that the claimant has good control of his cardiac symptoms, with only frequent bouts of chest pain and shortness of breath." *Id.* (citing PageID.595-605, 608-624). And the ALJ reasoned that Dr. Kazmi's opinion was not persuasive because it conflicted with both the doctor's own

treatment records from an October 2019 report and Carr's cardiology records from December 2019. *Id.*

In assessing the persuasiveness of the medical opinions, the ALJ cited Dr. Kazmi's October 2019 office visit with Carr, which provided an update on Carr's condition. *Id.*, PageID.64, 608-624. Dr. Kazmi noted that "[a]fter many lifestyle changes and compliance with medication[,] patient's ejection fraction improved to 42% in July of 2019 and he was no longer a candidate for LifeVest." *Id.*, PageID.599. Carr also had no symptoms of congestive heart failure. *Id.* And while Carr had "elevated systolic blood pressure" at the last clinic visit, he complied with all of his medications and did not complain "of any symptoms of orthostatic hypotension, no headaches, chest pain, shortness of breath, dizziness, lower extremity swelling." *Id.* In a follow-up visit with Carr a few days later, Dr. Kazmi stated that Carr had "good blood pressure control," which was at the "goal" blood pressure. *Id.* The ALJ also cited a December 2019 cardiology record from Mohammad Alkotob, M.D., "which revealed significant improvement in [Carr's] ejection fraction with regular use of his medications." *Id.* (citing PageID.662). The records showed that Carr's ejection fraction was "within the normal range." *Id.*, PageID.662.

In her decision, the ALJ echoed Dr. Kazmi's October 2019 report, finding that Carr "did not have any symptoms of congestive heart failure" and that he "specifically denied any symptoms of orthostatic hypotension, headaches, chest pain, shortness of breath, dizziness, or swelling in the extremities." *Id.*, PageID.64 (citing PageID.599). And Dr. Kazmi reported "a normal appearance and entirely unremarkable objective findings upon physical examination of the claimant." *Id.* The ALJ found that Dr. Kazmi's RFC opinion was unpersuasive because it was inconsistent with his own treatment records from October 2019, Carr's cardiology records from December 2019, and the overall medical record. *Id.*

Because substantial evidence supports the ALJ's findings, the Court recommends that the decision be affirmed.

## II. Conclusion

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion, ECF No. 17, be **GRANTED**; that Carr's motion, ECF No. 13, be **DENIED**; and that the ALJ's decision be **AFFIRMED**.

                                                  s/Elizabeth A. Stafford
                                                  ELIZABETH A. STAFFORD
                                                  United States Magistrate Judge

Dated: July 21, 2022

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 21, 2022.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager