UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILFRED LEE CARR, JR., | Case No. 2:21-cv-11307 |
| Plaintiff, | Paul D. Borman<br>United States District Judge |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | Elizabeth A. Stafford<br>United States Magistrate Judge |
| Defendant.<br>_____/ | |

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE STAFFORD'S JULY 21, 2022 REPORT AND RECOMMENDATION TO 1) DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; 2) GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND 3) AFFIRM THE COMMISSIONER'S DECISION**

## Procedural History

On July 21, 2022, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation ("R&R") on the parties' cross-motions for Summary Judgment. (ECF No. 19.) The R&R recommends that Plaintiff's Motion (ECF No. 13) be denied, Defendant's Motion (ECF No. 17) be granted, and the Commissioner's decision be affirmed under sentence four of 42 U.S.C. § 405(g). (ECF No. 19, PageID 797–98.)

Plaintiff filed Objections to the R&R on July 27 (ECF No. 20) and Defendant filed a Response to those Objections on July 28 (EC No. 21).

1

## Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(b), the Court will review "de novo any part of the [R&R] that has been properly objected to." *See also* 28 U.S.C. § 636(c) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

But "[t]he objections must be clear enough to enable the [Court] to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Accordingly, "[t]he parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citation omitted); *see also United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) ("The filing of objections provides the district court with the opportunity to consider the *specific* contentions of the parties and to correct any errors immediately." (emphasis added)). And "bare disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Alford v. Butler*, No. 18-cv-10466, 2019 WL 2723670, at *1 (E.D. Mich. July 1, 2019) (internal quotation marks and citation omitted).

## Rulings

**Objection 1**[1]

Plaintiff objects to the R&R's finding "no error in the ALJ's omission of restrictions attributable to Plaintiff's back impairment." (ECF No. 20, PageID 813) (citing ECF No. 19, PageID 801–05). He argues that his Motion for Summary Judgment "explained" that "Nurse Practitioner Dillon documented increased pain with forward flexion, and she observed bilateral paravertebral tenderness over the lower lumbar area and palpable muscle spasms, bilaterally," and that this was "objective evidence that clearly confirmed that Plaintiff's back impairment is medically determinable." (ECF No. 20, PageID 813) (citing ECF No. 10, PageID 61, 451–52; ECF No. 13, PageID 744, 750). He also "asserts that, regardless of whether or not the impairment is classified as severe, the ALJ's omission of Plaintiff's relevant restrictions was improper" because "ALJs must consider the limiting effects of all Plaintiff's medically determinable impairments in determining Plaintiff's Residual Functional Capacity ('RFC')." (ECF No. 20, PageID 813) (citing ECF No. 13, PageID 750–55; 20 C.F.R. §§ 404.1545, 416.945; POMS DI 24510.006(C)(5)).

---

[1] Because Plaintiff did not label his Objections, the Court will follow Defendant's labelling.

Defendant responds that this entire Objection "should be deemed waived as it merely rehashes [Plaintiff's] previous argument" before Magistrate Judge Stafford. (ECF No. 21, PageID 820–21) (citing *Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016)). Further, Defendant states that "Plaintiff is challenging the ALJ's decision and not the Magistrate Judge's R&R, which constitutes an improper objection." (ECF No. 21, PageID 821) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

"To the extent[] the Court considers any part of Plaintiff's objection," Defendant "rel[ies] on her previous response" to Plaintiff's initial Motion for Summary Judgment. (ECF No. 21, PageID 821) (citing ECF No. 17, PageID 776–80).

The Court **OVERRULES** this Objection. As Defendant explains, this Objection "merely restates the arguments previously presented [and] does not sufficiently identify alleged errors on the part of the magistrate judge." *Austin v. Thompson*, No. 14-12610, 2016 WL 125624, at *1 (E.D. Mich. Jan. 12, 2016); *see also Bialo v. Comm'r of Soc. Sec.*, No. 20-10671, 2021 WL 4350534, at *1 (E.D. Mich. Sept. 24, 2021) ("Plaintiff [] repeats many of the same arguments he made before the Magistrate Judge. . . . [S]uch objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." (internal quotation marks omitted)). Thus, it has been waived.

**Objection 2**

Next, Plaintiff objects to the R&R for "summariz[ing] the evidence in such a way that one could reasonably infer that, by July 2021, Plaintiff no longer had congestive heart failure." (ECF No. 20, PageID 813–14.) "Specifically," Plaintiff contests the part of the R&R that reads:

> Dr. Kazmi noted that "[a]fter many lifestyle changes and compliance with medication[,] patient's ejection fraction improved to 42% in July of 2019 and he was no longer a candidate for LifeVest." ***Carr also had no symptoms of congestive heart failure.*** And while Carr had "elevated systolic blood pressure" at the last clinic visit, he complied with all of his medications and did not complain "of any symptoms of othostatic hypotension, no headaches, chest pain, shortness of breath, dizziness, lower extremity swelling."

(ECF No. 20, PageID 814) (quoting ECF No. 19, PageID 808 (emphasis Plaintiff's) (alterations R&R's)) (internal citations to ECF No. 10, PageID 64, 608–24 omitted). Plaintiff asserts that "[t]he diagnosis of congestive heart failure [was] repeatedly found applicable throughout the entire period relevant to this case" and "a single examination in July 2019 . . . document[ing] no . . . indicators of an *acute* episode of congestive heart failure" does not change that. (ECF No. 20, PageID 814) (citing ECF No. 10, PageID 147–49, 377, 383, 388, 547, 570, 722, 726).

Plaintiff also objects to the R&R's "excus[ing] the ALJ's failure to mention the September 26, 2019 assessment of restrictions by Dr. Kazmi." (ECF No. 20, PageID 815) (citing ECF No. 19, PageID 807). He argues that, "in the context of the particular facts of this case," this omission was an error, because "[t]he ALJ's

5

rationale . . . suggests that the ALJ was unaware that Dr. Kazmi completed a later assessment." (ECF No. 20, PageID 815) (citing ECF No. 10, PageID 64). He adds that "[t]he ALJ's decision gives the inaccurate impression that . . . the State agency physician [] found [Dr. Kazmi's] opinion to be less than fully persuasive" and appears to "rel[y] on the opinion of the State agency physician[] without being aware that Dr. Kazmi assessed later restrictions which the State agency physician never saw." (ECF No. 20, PageID 815–16) (citing ECF No. 13, PageID 757–58; ECF No. 19, PageID 808). And he avers that "the confusion over whether the ALJ even realized there was a later assessment violates the duty to build a logical bridge between the evidence and the conclusion." (ECF No. 20, PageID 816) (citing *Pollaccia v. Comm'r of Soc. Sec.*, No. 09-cv-14438, 2011 WL 281044, at *6 (E.D. Mich. Jan. 6, 2011) and *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2006)).

Finally, Plaintiff asserts that the ALJ's alleged errors "are not harmless." (ECF No. 20, PageID 816.) To support that point, he states that "the vocational expert testified that" "an individual[] whose impairments yielded four absences per month, as assessed by Dr. Kamzi, would [not] be tolerated in Plaintiff's past work or any of the unskilled jobs the [] expert cited in response to the ALJ's hypothetical." (ECF No. 20, PageID 816–17) (citing ECF No. 10, PageID 111, 378).

6

Defendant responds that Plaintiff's Objection that the R&R "suggests that his congestive heart failure was resolved by July 2021 . . . is based on a misreading of the R&R." (ECF No. 21, PageID 821.) She states that "[t]he Magistrate Judge was not giving her interpretation of the evidence in the section that Plaintiff is referencing, rather she is summarizing the ALJ's discussion of the evidence." (ECF No. 21, PageID 821) (citing ECF No. 19, PageID 808). Further, Defendant argues that "while Plaintiff highlights his diagnoses of congestive heart failure, that fails to corroborate his argument" because "[d]iagnoses cannot even establish a severe impairment, let alone the severe restrictions in Dr. Kazmi's opinions." (ECF No. 21, PageID 822) (citing *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014)).

Defendant then contends that if Plaintiff is allowed to fault the R&R "for following the Agency's regulations in determining that the ALJ did not have to articulate his consideration of every opinion in record" that would "negate the intent of the regulations since Plaintiff could raise this argument any time the ALJ did not directly discuss an opinion in the record." (ECF No. 21, PageID 822) (citing *Hague v. Comm'r of Soc. Sec.*, No. 20-13084, 2022 WL 965027, at *6 (E.D. Mich. Mar. 30, 2022)).

Lastly, Defendant asserts that "[t]he remainder of Plaintiff's objection," which "focuses on the ALJ's evaluation of the state agency physician's findings and how

7

that impacted the assessment of Dr. Kazmi's opinions," "is simply another rehashing of the argument Plaintiff raised in his initial brief . . . and thus [] should be deemed waived." (ECF No. 21, PageID 823) (citing *Funderburg*, 2016 WL 1104466, at *1). "To the extent the Court considers Plaintiff's objection," Defendant "rel[ies] on her previous response." (ECF No. 21, PageID 823) (citing ECF No. 17, PageID 784–85).

The Court **OVERRULES** this Objection. First, the R&R does not "summarize[] the evidence in such a way that one could reasonably infer that, by July 2021, Plaintiff no longer had congestive heart failure." (ECF No. 20, PageID 813–14.) To the contrary, the R&R notes that the ALJ "found that [Plaintiff] had the severe impairment of congestive heart failure" and proceeded to evaluate Plaintiff's RFC in light of that impairment. (ECF No. 19, PageID 800) (citing ECF No. 10, PageID 60–61). As Defendant points out, the portion of the R&R to which Plaintiff objects here is merely a summary of the ALJ's analysis. (ECF No. 19, PageID 808.) And that summary makes clear that the ALJ was noting that Plaintiff had "no *symptoms* of congestive heart failure" "in July of 2019" (and at the time of "Dr. Kazmi's October 2019 report")—not that he had no congestive heart failure that could be considered at all. (ECF No. 19, PageID 808) (emphasis added).

Second, the R&R did not err by excusing the "ALJ's failure to mention the September 26, 2019 assessment of restrictions by Dr. Kazmi." (ECF No. 20, PageID

8

815) (citing ECF No. 19, PageID 807).[2] As the R&R explained, the regulations emphasize that an ALJ is "not required to articulate how [she] considered each medical opinion or prior administrative medical finding from one medical source individually." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Rather, she need only "articulate how [she] considered the medical opinions or prior administrative medical findings from that medical source together in a *single analysis*." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1) (emphasis added). Here, the ALJ did just that. She discussed Dr. Kazmi's relationship with Plaintiff, the consistency of Dr. Kazmi's opinions, and whether Dr. Kazmi's opinions found support in the record. (ECF No. 10, PageID 64.)

The ALJ also discussed specific opinions that Dr. Kazmi issued both before and after September 26—and she even noted that *on* September 26 "Dr. Kazmi stated, in support of a handicap parking application, that [Plaintiff] cannot walk more than twenty feet due to his condition." (ECF No. 10, PageID 64.) But she did not imply that these were the only opinions that she considered; indeed, she specifically characterized her treatment of Dr. Kazmi's October 2019 report as an "example." (ECF No. 10, PageID 64.) Thus, the ALJ's opinion does not lack "an accurate and

---

[2] The Court will assume that this September 26 assessment constitutes a medical opinion.

logical bridge between the evidence and the result." (ECF No. 20, PageID 816) (quoting *Pollaccia*, 2011 WL 281044, at *6).

And even if the ALJ had specifically cited and credited Dr. Kazmi's September 26 assessment that Plaintiff could not "perform strenuous activities" such as "pushing," "pulling," and "lifting," (ECF No. 10, PageID 726), the end result would not have changed. Without reciting this specific sentence, the ALJ still found that Plaintiff's RFC was limited "to the light exertional level, with additional postural limitations." (ECF No. 10, PageID 65.)

Finally, the R&R did not err by failing to fault the ALJ's decision for suggesting that she was unaware "that Dr. Kazmi assessed later restrictions which the State agency physician never saw." (ECF No. 20, PageID 815–16.) The ALJ noted that the State physician, Dr. Chiambretti, issued his opinion in July of 2019. She also noted, as explained above, that Dr. Kazmi issued statements and reports in September and October of 2019. Further, she specifically stated that Dr. Chiambretti's opinion was "consistent with the *later* developed medical records revealing that [Plaintiff] has good control of his cardiac symptoms." (ECF No. 10, PageID 64) (emphasis added).

10

## CONCLUSION

For the reasons listed above, the Court:

(1) **OVERRULES** Plaintiff's Objections to the R&R (ECF No. 20);

(2) **ADOPTS** the R&R (ECF No. 19);

(3) **DENIES** Plaintiff's Motion for Summary Judgment (ECF No. 13);

(4) **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 17); and

(5) **AFFIRMS** the Commissioner's Decision.

**IT IS SO ORDERED.**

Dated: August 15, 2022

s/Paul D. Borman
Paul D. Borman
United States District Judge